IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**REANNA WHEELER**,

    Plaintiff,                                         No. 3:14-cv-01334-MO

    v.                                                 OPINION AND ORDER

**MAKAI PAINTING & RESIDENTIAL REHAB LLC,** an Oregon limited liability Company, **and AUSTIN BETTIN**,

    DefendantS.

**MOSMAN, J.**,

On October 29, 2014, Defendant Austin Bettin filed a Motion to Dismiss [10] for Failure to State a Claim and Insufficiency of Service. Mr. Bettin argues that Plaintiff Reanna Wheeler failed to serve him in a legally sufficient manner. Mr. Bettin also argues that Ms. Wheeler's second claim for relief should be dismissed because Oregon does not recognize a cause of action for recklessness outside of a regular negligence claim.

On November 17, 2014, Ms. Wheeler filed a Motion for Leave to File an Amended Complaint [16] and a Motion to Amend an Affidavit of Service [17]. Ms. Wheeler wishes to amend her complaint to add details supporting an argument that the statute of limitations on her claims against Mr. Bettin was tolled from Jul 17, 2014 until November 6, 2014. She also wishes to amend her affidavit of service to clarify all the attempts that she made to serve process on Mr. Bettin in a timely manner.

1 – OPINION AND ORDER

For the reasons set out below, Mr. Bettin's Motion to Dismiss [10] is granted in part and denied in part, Ms. Wheeler's Motion for Leave to File an Amended Complaint [16] is granted in part denied in part, and Ms. Wheeler's Motion to Amend an Affidavit of Service [17] is granted.

## DISCUSSION

### I.     Mr. Bettin's Motion to Dismiss

#### A.     *Insufficiency of Service*

Mr. Bettin's motion is denied to the extent that it seeks dismissal of Ms. Wheeler's complaint for insufficient service. FRCP 4(e)(2)(A) allows for service to be made by personal service. Ms. Wheeler personally served Mr. Bettin with service on November 6, 2014. (Pl.'s Resp. [15] at 2.) Therefore, I find that Mr. Bettin received sufficient notice.

Throughout the three motions discussed in this opinion and order, the parties each made various arguments relating to ORS 12.150—the Oregon statute for tolling statutes of limitations based on concealment. I find that it is premature to consider these arguments at this time. If Mr. Bettin wishes to raise the affirmative defense that Ms. Wheeler's claims against him are time barred, he may do so, but it must be in a separate motion to dismiss.

#### B.     *Second Claim for Relief*

Mr. Bettin's motion is granted to the extent that it seeks dismissal of Ms. Wheeler's second claim for relief. For the reasons set out in his brief, I agree with Mr. Bettin that Oregon does not recognize a separate cause of action for recklessness. Ms. Wheeler's second claim for relief is therefore dismissed.

Although Ms. Wheeler's second claim for relief is dismissed, Mr. Bettin has agreed that Ms. Wheeler should be allowed to amend her complaint to allow her to allege a violation of the Oregon Reckless Driving Statute as a specification of her negligence claim. Mr. Bettin also

concedes, and I agree, that nothing about his ruling prevents Ms. Wheeler from presenting facts to support a finding of recklessness in support of her punitive damages claim.

## II.    Ms. Wheeler's Motion for Leave to File an Amended Complaint

Ms. Wheeler's Motion for leave to file an amended complaint is granted in part and denied in part. It is granted to the extent that she seeks to add an allegation of a violation of the Oregon Reckless Driving Statute as a specification of her negligence claim. It is denied to the extent that she seeks to add facts supporting her position that ORS 12.150 applies to this case. Ms. Wheeler does not need to have these facts in the complaint in order to combat any motion to dismiss Mr. Bettin may file in the future based on the statute of limitations having run.

## III.    Ms. Wheeler's Motion to Amend an Affidavit of Service

Ms. Wheeler's Motion to Amend an Affidavit of Service is granted. Mr. Bettin's only objection to Ms. Wheeler's motion is that the tolling statute does not apply. I do not believe that this is a persuasive reason not to grant this motion. Ms. Wheeler's motion is therefore granted.

IT IS SO ORDERED

DATED this __12th__ day of December, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER